IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN R. McKINNEY,

        Plaintiff,

v.                                                                        No. CIV-12-1120 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Amended Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 27)*, filed July 9, 2013.[1] In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. See [*Docs. 17* and *18*]. On June 27, 2013, Defendant filed a *Response to Plaintiff's Motion to Reverse or Remand (Doc. 22)*, and, on July 23, 2013, Defendant filed a notice stating that she would not file an amended response to Plaintiff's amended motion (*Doc. 29*), despite the expungement of the first transcript filed by Plaintiff.  On July 23, 2013, Plaintiff filed his *Reply to Response to Plaintiff's Motion to Reverse or Remand (Doc. 28)*, and, on July 24, 2013, Plaintiff filed a *Notice of Completion of Briefing (Doc. 30)*.  The Court has considered Plaintiff's

---

[1] Plaintiff filed an amended motion because his original motion (*Doc. 20*) referred to the first transcript filed by Defendant (*Doc. 13*), which was expunged from the docket because it referred to personal and private information pertaining to an individual other than Plaintiff.  See [*Doc. 23*] (order by the Court filed on June 27, 2013 granting the parties' stipulated motion to expunge the first transcript filed by Defendant (*Doc. 21*)).

amended motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 26*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

## I.   Procedural History

On January 6, 2009, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB"), alleging that he became disabled on April 1, 1984. [*Doc. 26-7* at 2-3]. Plaintiff stated that he became disabled due to degenerative disc disease and low back pain. [*Doc. 26-8* at 49]. The application was denied at the initial level on March 25, 2009 (*Doc. 26-6* at 7-10) and at the reconsideration level (*id.* at 11-13, document undated). Pursuant to Plaintiff's request (*id.* at 14-15), Administrative Law Judge Ben Willner (hereinafter "ALJ") conducted a hearing on August 31, 2010. [*Doc. 26-4* at 2-40]. At the hearing, Plaintiff was present, was represented by counsel and testified (*id.* at 4, 6-27 and 29-35), and Vocational Expert (hereinafter "VE"), Judith A. Beard, was also present and testified (*id.* at 4, 28-29 and 35-39). Also at the hearing, Plaintiff, through his counsel, asked to amend his alleged disability onset date to October 6, 2006. *Id.* at 6.

On October 29, 2010, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled. [*Doc. 26-3* at 7-23]. Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 35-36), and, on August 28, 2012, the Appeals Council denied Plaintiff's request for review (*id.* at 2-5), which made the ALJ's decision

the final decision of the Commissioner.   On October 29, 2012, Plaintiff filed his complaint in this case.   [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).   If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.   *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.   *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).   An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).   While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything

that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a).  In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that:  (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."  20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work

in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on April 5, 1963.  [*Doc. 26-7* at 2].  Plaintiff has held the following jobs: appointment setter, car salesman, cashier, clerk, collections agent, cook, delivering and running blue prints, delivery driver, cook, disc jockey, dispatcher, driver, loan officer, recruiter, sales associate, telemarketer, trainer, truck driver, and waiter.  [*Doc. 26-8* at 50-51].  Plaintiff alleges that he is unable to work because of degenerative disc disease and low back pain; he is unable to stand or for longer than two hours due to lower back pain, and because both of his feet tingle; he has a difficult time bending and lifting due to low back pain; and he is unable to operate a motor vehicle because the medications he is taking make him drowsy.  *Id.* at 49.

Plaintiff's medical records document treatment and records from: VA Healthcare System (*Doc. 26-11* at 1-9); Presbyterian Hospital (*id.* at 15-21); various locations of the University of New Mexico (hereinafter "UNM") Hospitals (*e.g.*, Family Health Westside Clinic, Outpatient Rehabilitation Services, Center for Life, and Sleep Disorders Center) (*id.* at 2-39, *Doc. 26-12* at 1-50, *Doc. 26-13* at 1-15, 22-27, and *Docs. 26-14*, *26-15*, *26-16*, *26-17*, *26-18*, and *26-19*); Academy Orthopaedic Clinic, LLC (*Doc. 26-13* at 19-21); and Barry Maron, M.D. (*Doc. 26-13* at 28-31).

Plaintiff's medical records also include: a Psychiatric Review Technique by P. Cherry, dated March 20, 2009 (*Doc. 26-11* at 41-54); a Physical Residual Functional Capacity Assessment

by J. Pataki, dated March 21, 2009 (*id.* at 56-63); and three Case Analyses, two by J. Pataki, dated June 1, 2009 (*id.* at 65) and October 15, 2009 (*Doc. 26-13* at 17), and one by W. Logan, dated August 6, 2009 (*Doc. 26-11* at 67).   Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's amended alleged disability onset date of October 6, 2006.   [*Doc. 26-3* at 12].   At step two, the ALJ found that Plaintiff has the following severe medically determinable impairments: "back disorder, degenerative disc disease, and mood disorder."   *Id.*   At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).   *Id.* at 12-14.

Before step four, the ALJ determined that Plaintiff has the RFC to perform simple unskilled light work, but "is limited to occasional climbing, balancing, stooping, crouching, crawling and frequently kneeling, and limited to unskilled work requiring only simple and repetitive tasks."   *Id.* at 14.   The ALJ further stated that Plaintiff "is able to maintain concentration, pace and persistence at such tasks for two hours at a time."   *Id.*   In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; and [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are credible to the extent they are consistent with the [ALJ's RFC] assessment."   *Id.* at 15.   The ALJ noted that Plaintiff's "straight leg raise testing was negative bilaterally and neuromotor testing was negative for any nerve root

pathology or radiculopathy." *Id.* at 16. The ALJ further noted that "[r]adiology reports in 2008 and August 2009 of the lumbar spine indicate mild degenerative changes of the lumbar spine, with disk abnormalities, and mild neural foraminal narrowing." *Id.* The ALJ stated that his RFC "assessment is supported by the opinions of the State Agency medical consultants, the overall medical evidence, and by [Plaintiff's] activities of daily living," and that the assessment "allows for many of his subjective complaints and limitations." *Id.* at 17. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work, so the ALJ proceeded to the fifth step. *Id.*

At the fifth and final step, the ALJ noted that Plaintiff was born on April 5, 1963, so he was 20 years old at the time of his alleged disability onset date, which is defined as a younger individual between the ages of 18-49. *Id.* The ALJ further noted that Plaintiff "subsequently changed age category to closely approaching advanced age."[2] *Id.* The ALJ noted that Plaintiff has at least a high school education, and is able to communicate in English. *Id.* The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills." *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that, considering Plaintiff's age,

---

[2] It appears that what the ALJ means by stating that Plaintiff "subsequently changed age category to closely approaching advanced age," is that, by changing his alleged disability onset date from April 1, 1984 to October 6, 2006, Plaintiff was 43-years-old at the time of his amended alleged onset date, which the ALJ found to be "closely approaching advanced age." *Id.* (citing 20 C.F.R. § 404.1563). However, the Court notes that 20 C.F.R. § 404.1563(d) defines "clearly approaching advanced age" as ages 50-54, and 20 C.F.R. § 404.1563(c) states that "persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45." This discrepancy does not appear to have affected the ALJ's determination.

education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  [*Doc. 26-3* at 17].   The ALJ stated that he asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the following requirements of representative occupations: assembler, cleaner, housekeeper (all of which are "unskilled light work"), jewelry preparation, and touch-up screener (which are "unskilled sedentary work). *Id.* at 18.  The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles." *Id.*  The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to work that exists in significant numbers in the national economy." *Id.*  The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act.  *Id.* at 18-19.

## V.   Analysis

At the outset, the Court notes that for Plaintiff's claims under his heading titled "**1. THE ALJ'S HYPOTHETICAL QUESTION TO THE VE WAS INCORRECT AND INCOMPLETE**," it appears that Plaintiff is challenging not only the ALJ's hypothetical question to the VE, but is also challenging the ALJ's RFC determination.  *See* [*Doc. 27* at 16-21]. Despite this lack of clarity by Plaintiff in setting forth his claims, the Court has interpreted Plaintiff's claims as follows: (1) the ALJ's RFC determination and hypothetical question to the VE were inadequate regarding Plaintiff's ability to stand, walk and sit for prolonged periods of time (*id.* at 16-18); (2) the ALJ's RFC determination and hypothetical question to the VE failed to include a sit/stand option, as well as postural limitations (*id.* at 17-19); (3) the ALJ's RFC

determination and hypothetical question to the VE stated that Plaintiff could concentrate for two hours at a time, when the evidence in the record supports a finding that Plaintiff could only concentrate for one hour at a time (*id.* at 19-21); (4) the ALJ's RFC determination failed to provide a function-by-function analysis of Plaintiff's ability to perform the sitting, standing, or walking requirements of light work on a sustained basis (*id.* at 21); (5) the ALJ improperly assessed Plaintiff's credibility regarding his complaints of pain (*id.* at 22-25); and (6) the Appeals Council erred by failing to consider additional relevant evidence that was submitted to it by Plaintiff (*id.* at 25). Plaintiff asks the Court to reverse and remand his case for a rehearing. *Id.* at 26. Defendant disputes Plaintiff's contentions and argues that substantial evidence supports the ALJ's RFC determination, the hypothetical proposed to the VE was proper, the ALJ properly discounted Plaintiff's subjective complaints, and the Appeals Council was not required to consider the additional evidence submitted to it. [*Doc. 22* at 3-13].

       The Court will first consider Plaintiff's step-four claims regarding the ALJ's RFC determination because, if the Court finds that the case should be remanded based on the ALJ's RFC determination, Plaintiff's step-five claims regarding the hypothetical question presented to the VE, as well as his other claims, may be affected by the ALJ's resolution of those issues on remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to

reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

### A.  The ALJ's RFC Assessment

#### *1.  Limitations Regarding Standing, Walking or Sitting*

Plaintiff contends that the ALJ's RFC determination is inadequate because it does not take into account Plaintiff's difficulty in standing, walking or sitting for long periods of time due to pain. [*Doc. 27* at 16-18]. Plaintiff states that the following evidence supports a finding that Plaintiff has limitations regarding his ability to stand, walk or sit: Sally Fisher, M.D., reported that Plaintiff has poor balance, that the pain is better lying down or standing up, and that the pain is worse with prolonged sitting, lifting, driving or staying in one position for long periods of time (*Doc. 27* at 17, citing *Doc. 26-16* at 29-30); an emergency room note states that Plaintiff's back pain is exacerbated by sitting or moving (*Doc. 27* at 17, citing *Doc. 26-14* at 18); physical therapist Doerfler noted that Plaintiff walked with an antalgic[3] gait (*Doc. 27* at 17, citing *Doc. 26-11* at 30); and Plaintiff testified that he can stand for about two hours in one position, his last full-time job as a truck driver caused severe pain from sitting and connecting trailers, he has difficulty staying in one position for a long time, carrying items up stairs causes back pain, and walking more causes him more pain (*Doc. 27* at 17, citing *Doc. 26-4* at 8, 13, 14, 18, 22-23, 24-25, *Doc. 26-8* at 49, and *Doc. 26-9* at 53).

---

[3]"Antalgic" is a synonym for "analgesic," and the definition of "analgesic" is: "Characterized by reduced response to painful stimuli." *Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 94 and 67.

A claimant's RFC is based on how the claimant's physical and mental limitations affect the claimant's ability to work, and is "the most [a claimant] can still do despite [those] limitations." 20 C.F.R. § 404.1545(a)(1). *See also* SSR 96-8p, 1996 WL 374184 at *2 ("RFC is what an individual can still do despite his or her limitations."). The ALJ must base the RFC assessment on all of the relevant evidence in the record, such as medical history, laboratory findings, effects of treatment and symptoms, including pain, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and work evaluations, if any. SSR 96-8p at *5. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," and the RFC assessment must always consider and address medical source opinions. *Id.*

Here, the ALJ found that Plaintiff has the RFC to perform simple unskilled light work,[4] but "is limited to occasional climbing, balancing, stooping, crouching, crawling and frequently kneeling, and limited to unskilled work requiring only simple and repetitive tasks." [*Doc. 26-3* at 14]. In support of his RFC determination, the ALJ noted that: Plaintiff reported that when he drives for long distances, plays golf and lifts heavy objects, his pain increases; "straight leg raise testing was negative for any nerve root pathology or radiculopathy;" and "[r]adiology reports in

---

[4]"Light work" requires standing or walking, off and on, for approximately 6 hours out of an 8-hour workday. *See* SSR 83-10, 1983 WL 31251 at *6; *see also* 20 C.F.R. § 404.1567(b) "[A] job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."

2008 and August 2009 of the lumbar spine indicate mild degenerative changes of the lumbar spine, with disk abnormalities, and mild neural foraminal narrowing." [*Doc. 26-3* at 16]. The ALJ's RFC determination, however, includes no limitation regarding Plaintiff's ability to stand, walk or sit for prolonged periods of time, and the ALJ does not discuss why he rejected the evidence in the record regarding Plaintiff's difficulties standing, walking or sitting for prolonged periods of time, such as Dr. Fisher's report noting that the pain is worse with prolonged sitting, lifting, driving or staying in one position for long periods of time (*Doc. 26-16* at 30) or the physical therapist's notation that Plaintiff walked with an antalgic gait pattern (*Doc. 26-11* at 30). The ALJ also fails to explain his rejection of Plaintiff's testimony that he can stand for about two hours in one position and has difficulty sitting or walking for long periods of time (*see Doc. 26-4* at 8, 18, 22-23, 24-25). The Court finds that the ALJ's RFC determination, therefore, is not in compliance with SSR 96-8p because the ALJ did not explain how the inconsistencies in the evidence regarding Plaintiff's ability to stand, walk and sit were considered and resolved. *See* SSR 96-8p at *7. Accordingly, the Court will remand this case to the Commissioner for further evaluation of Plaintiff's ability to stand, walk and sit, and, on remand, the ALJ is directed to reevaluate Plaintiff's physical impairments in accordance with SSR 96-8p, and other applicable law.

### 2.  *Sit/Stand Option*

Next, Plaintiff contends that the ALJ erred by failing to include a sit/stand option in his RFC determination. *See* [*Doc. 27* at 18-19]. Specifically, Plaintiff contends that MRI evidence of herniated discs at L3-L4 and at L4-L5 with neural foraminal narrowing supports Plaintiff's claim. *Id.* (citing *Doc. 26-13* at 5 and 8). While Plaintiff does not define what sit/stand option

the ALJ should have included in his RFC determination, the Court agrees with Plaintiff that the ALJ should have specified how long Plaintiff can sit without a change in position. *See Vail v. Barnhart*, No. 02-5061, 84 Fed. Appx. 1, 2003 WL 22810457 (10th Cir. Nov. 26, 2003) (unpublished) (stating "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work") (citing 20 C.F.R. § 404.1567(b). The ALJ, therefore, on remand, shall include specific findings regarding how long Plaintiff can sit without changing position, as required pursuant to the holding in *Vail*.

### 3.  *Mental Limitations in the RFC*

Plaintiff next claims that the ALJ incorrectly found that Plaintiff could concentrate for two hours at a time, while Plaintiff contends that the evidence in the record supports a finding that Plaintiff can only concentrate for an hour at a time. [*Doc.* 27 at 19-21].  Plaintiff contends that Plaintiff testified that he could only concentrate for one hour "at the most," but the ALJ stated in the decision that Plaintiff testified that he could concentrate for two hours at a time. *Id.* at 19 (citing *Doc. 26-4* at 25 and *Doc. 26-3* at 13).  Plaintiff also contends that the estimate of Plaintiff being able to concentrate for one hour at a time is consistent with the following evidence in the record: a notation by a Social Security employee who completed forms on Plaintiff's behalf that Plaintiff had difficulty concentrating during the telephone interview (*Doc. 27* at 19, citing *Doc. 26-8* at 46); that Plaintiff was agitated, hyperactive and unable to focus at a counseling appointment in February 2010 (*Doc. 27* at 20, citing *Doc. 26-18* at 32); that a social worker noticed Plaintiff's "unorganized thoughts and conversation" in February 2010 (*Doc. 27* at 20, citing

*Doc. 26-17* at 29);[5] and that in May 2010, Dr. Ralls noted Plaintiff's sleep-related symptoms of racing thoughts and difficulty with concentration and memory (*Doc. 27* at 20, citing *Doc. 26-18* at 2, 9-10, and 13).

In response, Defendant contends that the medical evidence in the record supports the ALJ's finding that Plaintiff could concentrate for two hours at a time, and cites to: the finding of state-agency consultant, P. Cherry, that Plaintiff only had a mild limitation in the ability to maintain concentration, persistence or pace; and Dr. Grace's opinion in March 2010 that Plaintiff had "good cognition and relatively good memory skills." [*Doc. 22* at 8] (citing *Doc. 26-11* at 51,[6] *Doc. 26-3* at 15, and *Doc. 26-13* at 20).

The Court finds that the ALJ failed to adequately support his finding that Plaintiff can maintain concentration, pace, and persistence for two hours at a time. The ALJ's support for his finding regarding Plaintiff's concentration consists of a statement that the "[m]edical evidence of record does not show that [Plaintiff] has a debilitating physical or mental impairment, or other medical issue, that is not controlled thorough the use of medication," and that the ALJ's RFC determination "is supported by the opinions of the State Agency medical consultants, the overall medical evidence, and by the claimant's activities of daily living." [*Doc. 26*-3 at 16-17]. However, with regard to mental impairments, the ALJ's "determination of [a claimant's] mental RFC involves the consideration of evidence, such as: [h]istory, findings, and observations from

---

[5] The Court notes that the referenced citation by Plaintiff does not contain this language.

[6] The Court notes that, while Defendant refers to P. Cherry as "Dr.," there is no title of "M.D." with P. Cherry's name in the Psychiatric Review Technique, so it is not clear from the record whether or not he is a doctor. *See Doc. 26-11* at 41. In addition, it appears that Defendant cited to the wrong page for P. Cherry's finding regarding Plaintiff's difficulties in maintaining concentration, persistence, and pace, because that finding is at *Doc. 26-11* at 51, not 52.

medical sources (including psychological test results), regarding the presence, frequency, and intensity of hallucinations, delusions or paranoid tendencies; depression or elation; confusion or disorientation; conversion symptoms or phobias; psychophysiological symptoms; withdrawn or bizarre behavior; anxiety or tension." SSR 85-16, 1985 WL 56855 at *2.  The ALJ is also required to consider "[r]eports of the individual's activities of daily living and work activity, as well as testimony of third parties about the individual's performance and behavior."  *Id.*  Here, the ALJ failed to show that he considered the notation by the Social Security employee that Plaintiff had difficulty concentrating, or the observations by medical personnel that Plaintiff was unable to focus and had difficulty concentrating (*see Doc. 26-8* at 46, *Doc. 26-18* at 32, *Doc. 26-17* at 29, and *Doc. 26-18* at 2, 9-10, and 13), which was in error.  *See Chambers v. Barnhart*, No. 03-7007, 2003 WL 22512073, at *3 (10th Cir. Nov. 6, 2003) (unpublished) (finding that the ALJ's RFC determination was inadequate as to the claimant's mental limitations because it did not address the specific findings in the record regarding those limitations).  Defendant's attempt to supply the ALJ's reasoning for his finding is an impermissible *post hoc* rationalization.  See *Robinson v. Barnhart*, 366 F.3d at 1084 (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact) (citation omitted).  The ALJ also incorrectly stated that Plaintiff testified that he could concentrate for two hours, when Plaintiff clearly testified that he could only concentration for one hour "at the most."  *Compare Doc. 26-4* at 25 *with Doc. 26-3* at 13).  The Court,

therefore, finds that on remand the ALJ shall supply the necessary reasoning regarding his findings relating to Plaintiff's mental limitations.

### B. Plaintiff's Remaining Claims

Plaintiff also contends that: the hypothetical question the ALJ asked the VE is inadequate because it did not include limitations regarding Plaintiff's ability to stand, walk and sit, a sit/stand option, or Plaintiff's mental limitations (*Doc. 27* at 16-21); the ALJ erred by failing to include a function-by-function analysis in the RFC (*id.* at 21); that the ALJ's credibility finding is contrary to the evidence and the law (*id.* at 22-25); and that the Appeals Council erred by failing to consider new and relevant evidence that was before it (*id.* at 25). Because the Court has found that this case should be remanded so that the Commissioner can further develop the record regarding Plaintiff's physical and mental limitations, Plaintiff's RFC may be amended on remand, and the evidence Plaintiff contends should have been considered will be before the ALJ on remand. Accordingly, the Court finds that it is unnecessary to reach Plaintiff's remaining claims because they may be affected by the ALJ's findings on remand. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez*, 371 Fed. Appx. at 889 and 892 n.6 (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085). The Court directs the ALJ on remand to include all limitations that are supported by the

record in the RFC determination, and, if a second hearing is held, in any hypothetical questions to the VE, and to consider any evidence that is properly before the agency.

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Plaintiff's physical and mental limitations as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Amended Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 27)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.   A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**